IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES KAKEMBO SESSANGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-950-G-BN |
| | § | |
| CITY OF DESOTO POLICE DEPT, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Charles Kakembo Sessanga filed a *pro se* complaint under 42 U.S.C. § 1983 alleging a claim of malicious prosecution against the City of DeSoto's police department and a DeSoto police detective, which he then amended to add similar claims against two more DeSoto police officers and a Dallas County prosecutor. *See* Dkt. Nos. 3, 5, 6, & 8.

Sessanga also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 4 & 7.

So Senior United States District Judge A. Joe Fish referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Sessanga's IFP motion through a separate order, subjecting the allegations as amended to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court

should dismiss the complaint as amended.

## Legal Standards

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of

further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

Sessanga alleges that he was wrongly prosecuted for continuous child sexual abuse, a process that started when a relative filed a complaint that Sessanga sexually abused her daughter and ended with Sessanga's acquittal at trial. *See* Dkt. No. 3 at 2-4.

"A plaintiff may bring a Fourth Amendment claim under § 1983 for malicious prosecution, even in the absence of 'some affirmative indication of innocence,'" because "'the gravamen of the Fourth Amendment claim for malicious prosecution is the wrongful initiation of charges without probable cause.'" *Bledsoe v. Willis*, No. 23-30238, 2023 WL 8184814, at *3 (5th Cir. Nov. 27, 2023) (per curiam) (cleaned up; quoting *Thompson v. Clark*, 596 U.S. 36, 49, 43 (2022)).

And, following "*Thompson*'s clear recognition of the constitutional tort of malicious prosecution," the United States Court of Appeals for the Fifth Circuit

"reinstated" "the rule iterated in *Gordy[ v. Burns*, 294 F.3d 722 (5th Cir. 2002),]" establishing the elements that "parties asserting a Fourth Amendment malicious prosecution claim under § 1983 must prove": "'(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.'" *Armstrong*, 60 F.4th at 279 (quoting *Gordy*, 294 F.3d at 727).

A plaintiff "must sufficiently allege each of these elements in order to bring a claim for malicious prosecution." *Wallace v. Taylor*, No. 22-20342, 2023 WL 2964418, at *6 (5th Cir. Apr. 14, 2023).

But first, "because an unlawful seizure is the threshold element, if the prosecution is supported by probable cause on at least one charge, then a malicious prosecution claim cannot move forward." *Armstrong*, 60 F.4th at 279 n.15 (citing *Thompson*, 596 U.S. at 43 n.2).

Because Sessanga first sued a police detective, the undersigned begins with this definition of probable cause: "Probable cause is established by the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Matthews v. Green*, No. 23-10178, 2024 WL 448352, at *3 (5th Cir. Feb. 6, 2024) (per curiam) (quoting *Piazza v. Mayne*, 217 F.3d 239, 245-46 (5th Cir. 2000)).

"The probable cause analysis does not demand any showing that the belief that an offense was committed be correct or more likely true than false. Rather, it requires [a court] to find a basis for an officer to believe to a fair probability that a violation occurred." *Id.* (cleaned up).

And, so, Sessanga's argument that police officers violated his right to be free from malicious prosecution "requires [the officers] to have acted in the absence of probable cause." *Id.*

But Sessanga has not plausibly alleged this essential element of a malicious prosecution claim.

To start, a victim's report of sexual assault – an outcry from a victim – is itself "sufficient to give the officers probable cause for arrest." *Travis v. City of Grand Prairie*, 654 F. App'x 161, 165 (5th Cir. 2016) (per curiam) (collecting cases); *see also Schambach v. City of Mandeville*, Civ. A. No. 20-214, 2022 WL 1773873, at *12 (E.D. La. June 1, 2022) ("It is settled that probable cause generally exists to arrest a suspect named by an alleged victim of assault." "To be sure, it is not uncommon for police officers to vet differing accounts of events and nonetheless determine that evidence supports a finding of probable cause that a crime has been committed. This is particularly true in the context of sexual assault of molestation claims." (footnote omitted)).

And, to the extent that the alleged victim's mother reported the alleged sexual assault to authorities, "the law presumes that [the mother] acted honestly and reasonably in contacting law enforcement regarding her daughter's allegations –

irrespective of whether other corroborating evidence existed or [the alleged perpetrator] would later deny the allegations." *Daenekas v. Thorpe*, No. 13-20-00557-CV, 2021 WL 5114038, at *8 (Tex. App. – Corpus Christi Nov. 4, 2021, pet. denied) (citing *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 794-95 (Tex. 2006); *Forbes v. Lanzl*, 9 S.W.3d 895, 902 (Tex. App. – Austin 2000, pet. denied) ("Whether [the plaintiff] could later show he did not inflict this particular injury is relevant to establishing his innocence of the charges but is not relevant to rebutting the presumption of [the defendant's] probable cause to reasonably believe she was the victim of an assault."); *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) ("Probable cause deals with probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence.")).

Sessanga's claims of malicious prosecution against the officers also fail for a separate reason.

He alleges that he "face[d] 25 years to Life if found guilty"; that his "prosecution … resulted in a criminal trial"; and that, "[d]espite the absence of sufficient evidence and lack of a conviction, [he] was subjected to a prolonged legal ordeal." Dkt. No. 3 at 4.

From these allegations, the Court may reasonably infer that there were intermediate steps between Sessanga's arrest and the initiation of his trial, which likely included an indictment, since it is well established in Texas criminal procedure that "the very first step in a criminal trial after the organization and impaneling of

the jury [is] the reading of the indictment to the jury." *Castillo v. State*, 530 S.W.2d 952, 953 (Tex. Crim. App. 1976) (citing *Wilkins v. State*, 15 Tex. App. 420 (1884); *White v. State*, 18 Tex. App. 57 (1885)).

"The independent-intermediary doctrine provides that 'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'" *Bledsoe*, 2023 WL 8184814, at *4 (applying this doctrine in the context of malicious prosecution; quoting *Anokwuru v. City of Hous.*, 990 F.3d 956, 963 (5th Cir. 2021), *abrogated on other grounds by Guerra v. Castillo*, 82 F.4th 278 (5th Cir. 2023)).

And Sessanga alleges no facts from which the Court could infer that any officer "deliberately or recklessly provide[d] false, material information for use in an affidavit or [made] knowing and intentional omissions that result[ed] in a warrant being issued without probable cause," *id.* (cleaned up), such that Sessanga has alleged an exception to the application of this doctrine, *see also Grayson v. Dall. Cnty. Police Dep't/Detectives*, No. 3:22-cv-524-G-BK, 2023 WL 5184177, at *3 (N.D. Tex. July 18, 2023), *rec. accepted*, 2023 WL 5193475 (N.D. Tex. Aug. 11, 2023) (summarily dismissing malicious prosecution claim applying independent intermediary doctrine).

Turning last to Sessanga's adding a Dallas County prosecutor to this civil lawsuit based on how the prosecutor presented the case to the jury, *see, e.g.*, Dkt. No. 8 at 2 (contending that the prosecutor "proceeded with further malice by knowingly falsifying a statement during the cross-examining of [his] wife"), the prosecutor is

absolutely immune from these allegations. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *Burns v. Reed*, 500 U.S. 478, 489-90 (1991) ("Like witnesses, prosecutors and other lawyers were absolutely immune from damages liability at common law for making false or defamatory statements in judicial proceedings (at least so long as the statements were related to the proceeding), and also for eliciting false and defamatory testimony from witnesses." (collecting cases)); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)); *Wearry v. Foster*, 33 F.4th 260, 266 (5th Cir. 2022) (Because "'harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust,'" "a contemporary prosecutor's charging decision is protected by absolute immunity by virtue of being the functional equivalent of the activity protected at common law," while "a prosecutor's 'investigative activities' are not entitled to absolute immunity because investigation was not 'part of [a prosecutor's] traditional official functions.'" (quoting *Imbler*, 424 U.S. at 423, 430)), *cert. denied*, 143 S. Ct. 2459 (2023); *see also Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding prosecutor is absolutely immune from Section 1983 suit predicated on malicious prosecution).

Sessanga therefore fails to allege a plausible claim under Section 1983, and the

complaint as amended should be dismissed.

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Sessanga an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to further amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Sessange fails to show through timely objections a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

## Recommendation

Unless Plaintiff Charles Kakembo Sessanga shows through timely objections a basis to further amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE