IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES KAKEMBO SESSANGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| CITY OF DESOTO POLICE DEPT., ET AL., | ) | 3:24-CV-0950-G-BN |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made,[*] and reviewed the remaining proposed findings,

---

[*] For example, in his objections, the plaintiff argues that the independent-intermediary doctrine should not apply because "Defendants presented misleading and incomplete information to the intermediary (e.g., grand jury or magistrate), ignoring exculpatory evidence and failing to disclose critical information about the Mother's retaliatory motives[,]" and "influenced the intermediary's decision without presenting a fair and balanced account." Docket entry 11 at 2. But these conclusions lack a factual support that could allow the court to infer whether acts by any defendant preclude applying the doctrine here. See *Shaw v. Villanueva*, 918 F.4th 414, 417 (5th Cir. 2019) ("True, there is an exception to the doctrine . . . . [I]f the plaintiff shows that the defendant tainted the intermediary's decision-making process, the defendant can be liable. But the plaintiff has to show that the defendant

conclusions, and recommendation for plain error. Finding no error, the court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Because the plaintiff failed to show through objections a basis to further amend the complaint to allege a plausible claim, his request to further amend the complaint is **DENIED**.

    **SO ORDERED**.

November 4, 2024.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

maliciously withheld relevant information or otherwise misdirected the intermediary." And, at the pleadings stage, "unadorned allegations" devoid of "specific facts showing that [a defendant] misdirected" the intermediary, will "not establish[] the exception[.]" (footnotes omitted)).